JOHN K. STONE, *vs.* AARON VAN CURLER, in Error. BENNINGTON. *February,* 1829.

That a material defect in a writ is cured, by the defendant's appearing, and pleading to the merits.

That the neglect to add the *similiter*, when there is a verdict, and judgment upon that verdict, is not a cause for reversing that judgment, on a writ of error.

Neither is the omission of the word *plaintiff*, in the *ad damnum*.

BENNINGTON
February,
1829.

Stone
vs.
Van Curler.

The record brought up in this case  showed that the parties both lived in *Manchester ;* that  *Van  Curler* had  his writ in *trover* signed by a justice of the peace in *Sandgate,* and it was made returnable before him at his  dwelling  house  in  *Sandgate,* at a time certain.  The writ was duly served upon *Stone,* and at the time therein set for  trial,  the  court was called  at *Manchester,* where both parties appeared and had a trial  upon the merits, with out any plea in abatement being  interposed  by  the  defendant, *Stone.  Van  Curler* recovered judgment, and *Stone* appealed to the County Court, and there entered his appeal, and put in a formal plea of the *general issue* to the country.  *Van  Curler's* counsel neglected to add the *similiter.*  No notice was taken  of this ; but the cause was tried by the jury, on the  original  declaration, and  *Van  Curler*  obtained  a  verdict,  and  recovered  judgment thereon.  There was, also, a defect  in the  writ ;  it  concluded " to the damage of the thirty dollars;" the word " plaintiff" being omitted.  There was no motion in arrest, nor were these difficulties,  in any way, brought  to view,  in  the County Court.  *Stone* now  brought  his  writ  of  error, assigning  these several matters, and  perhaps others, for  error.  *Van  Curler* pleaded *in nullo est erratum,* and issue was joined thereon.

HUTCHINSON, J. delivered the opinion of the Court.  The original writ in this case, being made returnable  in *Sandgate,* when both parties resided in *Manchester,* furnished a good  cause of abatement, had it been so pleaded.  But it appears that both parties appeared, and had a trial upon the merits in *Manchester ;* and nothing appears but what they both supposed the  writ returnable there.  The Justice had  jurisdiction of  the parties and over  the cause of action : but *Stone*  had a right to be sued in *Manchester* only, as *Van  Curler* resided there also.  But *Van  Curler* had a right to  have the objection raised  in season,  or never.  After two trials  upon  the  merits,  this objection cannot be reached by a writ of error.

The objection to the want of *venue*  in the declaration, also  to the defect in the  *ad damnum,* ought  to be  raised by  a  special demurrer  to  avail the  party : so also, the not filing a new declaration in the  County Court.  The  rules  of  the County  Court do not require a new declaration—they  permit one to be filed within certain periods ;  but if the plaintiff considers  the declaration, that comes up with the record, to be a good one, he may rest upon it.

The want of  adding the *similiter,* would have been bad before any statutes of *jeofails,* but now, such matters of form are amendable, at any time, on motion ; and, after verdict and judgment, are

considered as amended.   The plaintiff in Error has raised all his objections at too late a period.

       The judgment of the County Court is affirmed.

*S. Swift*, for plaintiff in Error.

*L. Sargent*, for defendant in Error.